IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LESLIE D. SMITH,

    Plaintiff,

v.                                                   Civil Action No. 3:10-cv-106

JEFFERSON COUNTY COMMISSION,
a public body, CAROLYN WIDMYER,
President, PATRICIA A. NOLAND, Vice
President, C. DALE MANUEL, Commissioner,
JAMES T. SURKAMP, Commissioner, and
FRANCES B. MORGAN, Commissioner,

    Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL TESTIMONY OF COMMISSIONERS MANUEL, NOLAND AND ATTORNEY DAVID HAMMER AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S AMENDED MOTION TO COMPEL TESTIMONY OF ATTORNEY DAVID HAMMER**

This matter comes before the Court on Plaintiff's Motion to Compel Testimony of Commissioners Manuel, Noland and Attorney David Hammer[1] and on Plaintiff's Amended Motion to Compel Testimony of Attorney David Hammer.[2]  The Court held an evidentiary hearing and argument on Plaintiff's motions on January 11, 2012. Plaintiff appeared by Nathan P. Cochran, Esq., by telephone, and Peter L. Chakmakian, Esq., by telephone. Defendant Jefferson County Commission and Defendants Carolyn Widmyer, James T. Surkamp, and Frances B. Morgan appeared by A. Neal Barkus, Esq., by telephone. Defendants Patricia A. Noland and C. Dale Manuel appeared by Michael D. Lorensen, Esq. No other testimony was

---

[1] Dkt. No. 85.

[2] Dkt. No. 90.

1

taken nor was any other evidence adduced.

# I. INTRODUCTION

A.  Background

This action was initially filed on September 28, 2010 in the Northern District of West Virginia after Leslie D. Smith, a former Jefferson County Administrator, was terminated from her employment following a vote by the Commission. Plaintiff's complaint alleges that: she was terminated because of her age and/or gender in violation of the West Virginia Human Rights Act; she was not paid all wages, benefits and other compensation in a timely manner following her termination in violation of the West Virginia Wage Payment and Collection Act; she was terminated because of her opposition to the Commission's alleged violations of the West Virginia Open Meetings Act, in violation of the Human Rights Act; the termination amounted to intentional infliction of emotional distress; her termination was an unlawful retaliatory discharge; she was subjected to and injured by harassment on the basis of her gender and/or age; her employment contract was breached; and her civil rights under 42 U.S.C. § 1983 were violated. The parties engaged in discovery and certain discovery disputes arose.

B.  The Motions

    1.  Plaintiff's Motion to Compel Testimony of Commissioners Manuel, Noland and Attorney David Hammer

    2.  Plaintiff's Amended Motion to Compel Testimony of Attorney David Hammer

C.  Decision

Plaintiff's Motion to Compel Testimony of Commissioners Manuel, Noland and Attorney David Hammer is **GRANTED IN PART AND DENIED IN PART**. The Commissioners must answer the specific questions they were asked on record, detailed below in this Order, that they were

improperly instructed not to answer, and they must also respond to reasonable follow-up questions. The commissioners do not have to answer any other questions that were not specifically posed to them. Defendants are responsible for the cost of these resumed depositions. Plaintiff's Amended Motion to Compel Testimony of Attorney David Hammer is **GRANTED IN PART AND DENIED IN PART**. Attorney Hammer shall answer the specific question he was asked on the record, detailed below in this Order, that he was improperly instructed not to answer, as well as reasonable follow-up questions related to this question. Attorney Hammer does not have to answer any other questions that were not specifically posed nor does he have to answer questions about other factual issues. Defendants are responsible for the cost of this resumed deposition.

## II.  FACTS

1. On November 14, 2011, Commissioners C. Dale Manuel and Patricia Noland were deposed by Plaintiff's counsel.

2. On December 2, 2011, Attorney David Hammer was deposed by Plaintiff's counsel.

3. On December 13, 2011, Plaintiff filed a Motion to Compel Tesimony of Commissioners Manuel, Noland and Attorney David Hammer.

4. On December 16, 2011, Plaintiff filed a Motion to Compel Testimony of Attorney David Hammer.

5. On December 20, 2011, Commissioners Manuel and Noland filed a Response in Opposition to Plaintiff's Motion to Compel Testimony of Commissioner's Manuel, Noland and Attorney David Hammer.

6. On December 28, 2011, Defendant Jefferson County Commission filed a Response in Opposition to Plaintiff's Motion to Compel Testimony of Commissioners Manuel, Noland and Attorney David Hammer.

5. An evidentiary hearing and argument was held on January11, 2011 on Plaintiff's Motions.

### III. MOTION TO COMPEL TESTIMONY OF COMMISSIONERS MANUEL, NOLAND AND ATTORNEY HAMMER

A.   Contentions

Plaintiff argues she was precluded from asking Commissioners Noland and Manuel questions about certain non-privileged matters relating to the Jefferson County Commission's executive session meeting on September 24, 2009 after counsel instructed the commissioners not to respond to certain questions during their depositions. Plaintiff contends this Court should compel the commissioners to answer the questions asked on the record at the deposition relating to the executive session and other questions that were not specifically posed at the depositions because the "course of dealing" indicated that counsel would also instruct the deponents not to answer those questions. Plaintiff also argues that this information is relevant because it would provide information related to her gender discrimination claim and information about whether the Jefferson County Commission acted in contravention of the public policy expressed in the Open Proceedings Act.

The Jefferson County Commission contends that Plaintiff failed to ask specific questions during the depositions of Commissioners Noland and Manuel, and that because of this, it would be inappropriate for this Court to resume and expand the depositions of these commissioners to allow Plaintiff to pose questions that were never asked during their prior depositions. Furthermore, the Jefferson County Commission contends that she has no cause of action with respect to a violation of the Open Governmental Proceedings Act so these questions are irrelevant.

B.   Discussion

The question posed to this Court is whether the deponents should be compelled to answer

certain questions they were instructed not to answer on the basis of the attorney-client privilege and whether the deponents should be compelled to answer other questions that were never posed under the assumption that they would not be answered on the same grounds. As a general rule, communications are protected by the attorney-client privilege if, among other things, the communications are made for the purpose of seeking, obtaining, or providing legal assistance to the client.  See United States v. United Shoe Machine Corp., 89 F. Supp. 357, 358-50 (D. Mass. 1950).  In this case, during C. Dale Manuel's deposition, he was asked whether Ms. Grove or Ms Smith had been driven to tears in a County Commission meeting. Mr. Lorensen directed the witness not to answer the question on the basis that the party who owns the privilege, the Jefferson County Commission, had asserted the privilege, and Mr. Barkus objected to the question as well on the basis of the attorney-client privilege. Manuel Depo. Tr. 75-76. Then, during Patricia Noland's deposition she was asked whether she was ever present when Ms. Grove and Ms. Sims were treated in a manner she thought was inappropriate. Mr. Lorensen then directed her to limit her answer to what she observed happening in public session only because of the privilege issue. Noland Depo. Tr. 52-54. He also stated that he was directing the witness not to answer any questions regarding executive session matters, but then attempted to clarify that his direction was based on "the presence of the attorney during the executive session, and the interplay, or potential interplay between the commissioners and the attorney, with respect to the legal advice that the attorney is giving..." Noland Depo. Tr. 59. Mr. Cocheran also asked her whether Ms. Grove or Ms. Sims had been brought to tears by actions of the commission. Mr. Lorensen again instructed Ms. Noland not to answer.  When asked whether the Commission treated Ms. Sims and Ms. Grove in the same disrespectful way they treated Ms. Smith in public

sessions, Mr. Lorensen again directed the witness not to answer the question. Noland Depo. Tr. 58-63.

These questions cannot be deemed to have sought information about communications protected by the attorney-client privilege. These questions are not directed towards discovering information about communications made for the purpose of seeking, obtaining, or providing legal assistance to the client, so the privilege was incorrectly asserted. Accordingly, these questions should be answered, as well as any reasonable follow-up questions that would flow from the responses to these questions. Additionally, as it is permitted to do under Federal Rule of Civil Procedure 30(d)(2) when Defendants have frustrated the fair examination of deponents by erroneously instructing them not to answer certain questions, this Court will hold Defendants responsible for the costs associated with these resumed depositions.

Next, as to the question of whether commissioners Noland and Manuel should be compelled to answer other questions related to the executive session that Mr. Cocheran did not actually pose at their depositions based on his belief that the "course of dealing" indicated they would not respond to them, this Court is not able to compel responses to questions that were not ever posed. See Alexander v. FBI, 186 F.R.D. 200, 204 n. 2 (D.D.C. 1999) (stating that the court should limit its analysis to those questions actually asked at the deposition); Universal Trading & Inv. Co. v. Kiritchenko, No. C-99-03073, 2007 WL 2471432 (N.D.Cal. Aug. 27, 2007)(where Plaintiff claimed privilege was improperly asserted to 536 deposition questions and requested the court to compel Defendant to respond to new questions not previously asked in any form at deposition, Plaintiff's request was denied). Although, admittedly, there is little law available on whether a "course of dealing" argument may be used to excuse the failure to ask certain

questions at a deposition, to draw an analogy between this issue and other discovery issues, courts have already ruled that they may "only compel the production of documents actually asked for in discovery," J&M Assocs., Inc. v. Nat'l Union Fire Ins. Co., No. 06-cv-0903-W, 2008 WL 5102246, at * 5 (S.D.Cal. Dec. 2, 2008), and that parties must articulate what discovery they seek with "'reasonable particularity.'" Id. (quoting Fed. R. Civ. P. 34(b)(1)(A)). Here, similarly, although in the context of a deposition, Plaintiff has failed to reasonably articulate what other questions she was also seeking responses to, so this court is unable to compel responses to these questions.

### IV. PLAINTIFF'S AMENDED MOTION TO COMPEL TESTIMONY OF ATTORNEY DAVID HAMMER

A.     Contentions

Plaintiff argues she was precluded from asking Attorney David Hammer questions about certain non-privileged matters relating to the Jefferson County Commission's executive session meeting on September 24, 2009 after counsel instructed Attorney Hammer not to respond to certain questions during his deposition. Plaintiff contends his Court should compel him to answer the questions asked on the record at the deposition relating to the executive session and other questions that were not specifically posed at his depositions because the blanket executive session privilege he asserts has been rejected as contrary to public policy, because he has been designated as a fact witness and accordingly cannot pick and choose which topics he testifies on, or, in the alternative, because his designation as and testimony pursuant to his designation as a fact witness has resulted in a waiver of the attorney-client privilege.

The Jefferson County Commission contends that Plaintiff has not asserted a claim for a violation of the Open Governmental Proceedings Act so this testimony is irrelevant, that Plaintiff

has already received this information via the responses of Commissioner Morgan during the November 18, 2011 hearing before this Court indicating the resumed deposition of Attorney Hammer would result in merely duplicative information, and that Attorney Hammer was properly instructed not to answer the questions because they inquired into privileged matters or could result in waiver of the privilege.

B.   Discussion

The Court is again posed with the question of whether this deponent should be compelled to answer certain questions he was instructed not to answer on the basis of the attorney-client privilege and whether he should be compelled to answer other questions that were never posed under the assumption that they would not be answered on the same grounds. However, Attorney Hammer's deposition raises the additional question of whether he should be compelled to testify to other factual issues since he has been designated as a fact witness. Here, during Attorney Hammer's deposition, he was asked whether Ms. Smith was discussed in the executive session on September 24, 2009, however Mr. Barkus instructed him not to answer the question. The analysis here is parallel to the analysis the Court has undertaken with respect to the other two deponents. This question does not fall under the purview of information protected by the attorney-client privilege, so it should be answered, along with any reasonable follow-up questions, however, the Court will not compel Attorney Hammer to answer any other questions that were not posed to him at his first deposition. Because in instructing him not to answer this question, Defendants have frustrated the fair examination of deponent Hammer, this Court will hold Defendants responsible for the costs associated with his resumed deposition. Fed. R. Civ. P. 30(d)(2).

With regard to the questions posed to him that relate to other factual issues, pursuant to his role as a fact witness, even though fact witnesses can give testimony about statements and declarations they have and statements made by others, in addition to other testimony, to the extent a fact witness believes questions posed to him during the deposition impinge on the work product doctrine or the attorney-client privilege, he may make a proper objection. See Younger Mfg. Co.v. Kaenon, Inc., 247 F.R.D. 586, 589 (C.D.Cal. 2007)(quoting Boston Edison Co. v. United States, 75 Fed. Cl. 557, 563 (2007)).  Here, Attorney Hammer properly did not respond to questions that would require testimony about the substance of communications. For example, he did not respond a questing asking whether it was his legal opinion that Ms. Smith was not entitled to sick leave, a question about his investigation into whether the number of hours was wrong; or a question about whether he attached particular significance to documents produced. Hammer Depo. Tr. 11-12, 45-46, 66-67.

## V. DECISION

Plaintiff's Motion to Compel Testimony of Commissioners Manuel, Noland and Attorney David Hammer is **GRANTED IN PART AND DENIED IN PART**. The Commissioners must answer the specific questions they were asked on record, included in this Order, that they were improperly instructed not to answer, as well as reasonable follow-up questions. The commissioners do not have to answer any other questions that were not specifically posed. Defendants are responsible for the cost of these resumed depositions. Plaintiff's Amended Motion to Compel Testimony of Attorney David Hammer is **GRANTED IN PART AND DENIED IN PART**. Attorney Hammer shall answer the specific question he was asked on the record, included in this Order, that he was improperly instructed not to answer, as well as

reasonable follow-up questions. Attorney Hammer does not have to answer any other questions that were not specifically posed nor does he have to answer questions about other factual issues. Defendants are responsible for the cost of this resumed deposition.

Filing of objections does not stay this Order.

Any party may, on or before **January 26, 2012,** file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**

DATED: January 12, 2012                                          /s/ *James E. Seibert*
                                                                 JAMES E. SEIBERT
                                                                 UNITED STATES MAGISTRATE JUDGE